UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| MICHAEL DIAZ, JEAN-NICHOLE DIAZ, and DIAZ FAMILY FARMS, LLC, on their own behalf and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMICK FARMS, LLC,<br><br>*Defendant*. | Civil Action No. 5:22-cv-01246-JDA<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY, OR IN THE ALTERNATIVE STRIKE PLAINTIFFS' NEW EVIDENCE |

## INTRODUCTION

Plaintiffs Michael Diaz, Jean-Nichole Diaz, and Diaz Family Farms, LLC (collectively, "Plaintiffs") submit this Opposition to Defendant's Motion for Leave to File Sur-Reply, or in the Alternative Strike Plaintiffs' New Evidence. ECF 141 ("Motion" or "Mot."). Defendant complains about Plaintiffs' inclusion in their conditional certification reply, ECF 139, of "six new pieces of evidence that they obtained during the nineteen (19) months that the parties have been engaged in discovery." Motion at 1. But the only reason so many months of discovery had occurred prior to Plaintiffs' filing their reply is the fact that Defendant decided *not to file an opposition* until a year after Plaintiffs filed their motion for conditional certification. *See* ECF 74 (Plaintiffs' motion to conditionally certify a collective) (May 8, 2023); ECF 130 (Defendant's opposition to that motion) (Apr. 29, 2024) ("Opposition" or "Opp."). The only reason Plaintiffs included *any* additional factual information in their reply that was not cited in their opening brief is the fact that Defendant's Opposition cited twenty-one (21) factual exhibits (*i.e.*, hundreds of pages of

documents and deposition transcripts) that were not available to Plaintiffs when they filed their opening brief. Each of the six (6) new pieces of evidence Defendant complains of discussed in Plaintiffs' reply are included specifically to respond to arguments and evidence Defendant included in its Opposition. Simply put, Defendant is asking the Court to have it both ways: – to simultaneously hold Plaintiffs to a higher evidentiary standard, while offering extensive factual arguments of their own that Plaintiffs did not have knowledge of when they filed their opening brief.

Plaintiffs complied with Local Rule 7.07 and the Court should deny Defendant's request to file a sur-reply.

## ARGUMENT

The Court should not reward Defendant's obvious gamesmanship. Plaintiffs' opening brief relied, as this Circuit's case law directs them to, on the allegations in the complaint, a declaration from one of the named plaintiffs, Defendant's standard Broiler Grower Contract, and the uniform Guidelines that Defendant requires growers to follow. ECF 1, 74. These are the sources this Court's caselaw directs a plaintiff to rely on when moving for conditional certification as early in discovery as Plaintiffs moved for conditional certification. *See, e.g.*, *Gordon v. TBC Retail Grp., Inc.*, 134 F. Supp. 3d 1027, 1031-32 (D.S.C. 2015) (citing *Schmidt v. Charleston Collision Holdings Corp.*, No. 2:14-cv-01094, 2015 WL 3767436, at *3 (D.S.C. 2015) ("Courts determine whether conditional certification is warranted by examining the parties' pleadings and affidavits.")).

In contradiction to fairness, Defendant, with the benefit of an extra year of discovery, opposed Plaintiffs' conditional certification motion by citing to hundreds of pages of factual matter that was not in Plaintiffs' possession when they first moved for conditional certification. In response, Plaintiffs included a modest amount (six) of new factual detail in their reply, including

2

additional citations to a deposition Defendant had cited, ECF 139-5, and documents Plaintiffs obtained in the past year indicating Defendant's use of national and mandatory grower guidelines, *e.g.*, ECF 139-5.

Plaintiffs included these six pieces of evidence as a direct response to Defendant's extensive use of evidence in its Opposition. For example, Plaintiffs discussed the two depositions of Defendant's employees because, in its opposition, Defendant repeatedly referenced declarations and deposition transcripts from those employees. It is therefore reasonable and logical for Plaintiffs to include references to statements made by those employees in response to Defendant's Opposition. Similarly, Defendant argued extensively in its Opposition—relying on factual material not available to Plaintiffs when they filed their opening brief—that Defendant's policies and practices vary by location and by state. ECF 130. In response, Plaintiffs included in their reply four documents that demonstrate uniform, mandatory practices that apply to growers across states. *See* ECF 139 at 7 (discussing why Plaintiffs' Exhibit B demonstrates standardized practices within South Carolina and Exhibit C demonstrates nationally applicable mandatory policies). Based solely on Plaintiffs' use of such evidence to respond to Defendant's extensive factual argument, Defendant now unfairly seeks to have the last word on a motion for which Plaintiffs bear the burden of proof.

The Court should reject Defendant's effort to profit from its own delay in filing an opposition. Plaintiffs followed Local Rule 7.07, which allows movants to include in a reply brief responses "to matters raised initially in a response to a motion or in accompanying supporting documents." Indeed, it is not entirely clear how Defendant believes Local Rule 7.07 entitles them to a sur-reply. That rule provides for when *replies*, like those Plaintiffs filed, are appropriate, and for the reasons given above Plaintiffs appropriately included a modest amount of factual argument

3

in response to hundreds of pages of new factual information Defendant included in its Opposition. The Rule does not mention sur-replies, which, Defendant fails to note, are "highly disfavored." *Hill v. Aaron's, Inc.*, No. 18-cv-1892, 2019 WL 13258466, at *3 (D.S.C. Jan. 7, 2019) (citations omitted).

Here, fairness dictates Plaintiffs having the right to meet factual arguments like those in Defendant's Opposition because the facts at issue were not in Plaintiffs' possession when they filed their opening brief. As such, Plaintiffs included such detail solely to respond to factual information Defendant raised in its Opposition.

## CONCLUSION

The Court should deny Defendant's motion for leave to file a sur-reply, and if the Court wishes to consider any factual information beyond the pleadings and Plaintiff's declaration, it should consider the new facts offered in Plaintiffs' reply alongside those in Defendant's opposition.

Dated: May 24, 2024

/s/ Robert Wehrman
Brian C. Duffy (Fed. I.D. No. 9491)
Robert Wehrman (Fed. I.D. No. 13426)
DUFFY & YOUNG LLC
96 Broad Street
Charleston, SC 29401
(843) 720-2044 (Telephone)
(843) 720-2047 (Facsimile)
bduffy@duffyandyoung.com
rwehrman@duffyandyoung.com

Jamie Crooks*
Fairmark Partners, LLP
1001 G Street NW, Suite 400 East
Washington, DC 20001
(619) 507-4182 (Telephone)
jamie@fairmarklaw.com

Camille Fundora Rodriguez*

4

Alexandra K. Piazza*
Michaela L. Wallin*
BERGER MONTAUGE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000 (Telephone)
crodriguez@bm.net
apiazza@bm.net
mwalling@bm.net

Mariyam Hussain*
BERGER MONTAGUE PC
1720 West Division Street
Chicago, IL 60622
mhussain@bm.net

*Attorneys for Plaintiffs and the Proposed Collective and Class*

*Admitted *Pro Hac Vice*

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2024, a true and correct copy of this Opposition was served via electronic delivery at the addresses listed below:

Angus H. Macaulay, Esq.
Nexsen Pruet, LLC
1230 Main Street, Suite 700
Columbia, SC 29202
amacaulay@nexsenpruet.com

Marguerite S. Willis, Esq.
Maynard Nexsen
104 South Main Street, Suite 900
Greenville, SC 29601
mwillis@maynardnexsen.com

Bridget A. Blinn-Spears, Esq.
Nexsen Pruet, PLLC
4141 Parklake Ave., Suite 200
Raleigh, NC 27612
Bblinn-spears@nexsenpruet.com

Lindsey B. Nelson, Esq.
Maynard Nexsen PC (NC)
4141 Parklake Avenue Suite 200
Raleigh, NC 27612
lnelson@maynardnexsen.com

*Counsel for Defendant*

　　　　　　　　　　　　　　　　　　　　　　*/s/* Robert Wehrman
　　　　　　　　　　　　　　　　　　　　　　Duffy & Young LLC

May 24, 2024
Charleston, South Carolina