# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| MICHAEL DIAZ, JEAN-NICHOLE DIAZ, and DIAZ FAMILY FARMS, LLC, on their own behalf and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>AMICK FARMS, LLC,<br><br>　　　　　　　　Defendant. | C/A No. 5:22-cv-01246-JDA<br><br>**DEFENDANT AMICK FARMS, LLC'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY, OR, IN THE ALTERNATIVE, STRIKE PLAINTIFFS' NEW EVIDENCE** |

## I.      INTRODUCTION

Defendant Amick Farms, LLC ("Amick"), respectfully submits this Reply in Support of its Motion for Leave to File a Sur-Reply, or In the Alterative, Strike Plaintiffs' New Evidence (D.E. 141, "Leave Motion") in order to clarify misrepresentations and inaccuracies set forth in Plaintiffs' Opposition to Amick's Leave Motion (D.E. 142, "Leave Opposition").

## II.     ARGUMENT

### A. Plaintiffs Inaccurately Identify the Evidence Supporting Amick's Certification Opposition.

Plaintiffs argued that the "only reason" they included new evidence in their Reply in Support of Motion for Conditional Certification (D.E. 139, "Certification Reply") was because Amick's Opposition to Plaintiffs' Certification Motion (D.E. 133, "Certification Opposition") "cited twenty-one (21) factual exhibits (*i.e.*, hundreds of pages of documents and deposition transcripts) that were not available to Plaintiffs" when they first moved for conditional certification. *See* Leave Opposition at pp. 1-2. Plaintiffs argue that the "hundreds of pages of

factual matter" included with Amick's Certification Opposition resulted from Amick having the "benefit of an extra year of discovery."[1] *See* Leave Opposition at pg. 2.

Plaintiffs' assertions are completely inaccurate. Seven of the twenty-one exhibits to Amick's Certification Opposition were in Plaintiffs' possession prior to filing their Certification Motion because they are *Plaintiffs' own documents or information*: Exhibit 14 and Exhibits 18-21 consisted of *Plaintiffs' discovery responses*, and Exhibits 16 and 17 are public records related to *property owned by Plaintiffs and their relatives*.[2] Twelve of declarations submitted in support of Amick's Certification Opposition were drafted *solely for the purpose of responding to the Certification Motion*. The information contained in these declarations would not have "been available to Plaintiffs" regardless of when Amick responded to the Certification Motion because Amick did not procure these declarations using the "benefit of an extra year of discovery."

The *only exhibit* to Amick's Certification Opposition that resulted from ongoing discovery, prior to the Court denying Amick's Abeyance Motion, is Exhibit 21, which is an excerpt from the deposition transcript[3] of Justin Long. Plaintiffs noticed and took Justin Long's deposition on

---

[1] Plaintiffs continue to mischaracterize the timing within which Amick filed its Opposition to Plaintiffs' Certification Motion (D.E. 133, "Certification Opposition"). In their Leave Opposition, Plaintiffs state that Amick "decided not to file an opposition until a year after Plaintiffs filed their Certification Motion," and seek to "profit from its own delay in filing an opposition." *See* Leave Opposition at pp. 1, 3. As Plaintiffs are well aware, on May 19, 2023 (eleven days after Plaintiffs' filed their Certification Motion), Amick moved this Court to hold its deadline to respond to the Certification Motion in abeyance until the Court ruled on other pending motions. *See* D.E. 81, Amick's Motion to Hold Deadline to Respond to Plaintiffs' Conditional Certification Motion in Abeyance ("Abeyance Motion"). Amick promptly filed its Certification Opposition fourteen days after the Court denied the Abeyance Motion on April 15, 2024. Amick has not been dilatory in its defense of this action, and Plaintiffs' assertions otherwise are misplaced.

[2] Exhibit 16 is a quit claim deed to property own by Plaintiffs during the relevant time period. Exhibit 17 is a real estate tax record showing that Plaintiffs paid property taxes for the property shown in Exhibit 16. Amick included these exhibits with the Certification Opposition to provide context for Exhibit 15, Affidavit of Arthur Curtis Lavender II.

[3] To be clear, Amick did not include multiple "deposition transcripts" as claimed by Plaintiffs (*See* Leave Opposition at pp. 1-2) – Amick attached an excerpt from a single deposition transcript.

2

January 10, 2024, after they filed their Certification Motion. However, nothing prevented Plaintiffs from taking this deposition before they filed the Certification Motion. Plaintiffs' assertion that Amick somehow unfairly used the interim period between filing its Abeyance Motion and the Court's denial of same to conduct extensive discovery in support of its Certification Opposition is false.

### B. Portions of Plaintiffs' New Evidence Were Available Prior to Their Filing the Certification Motion.

Plaintiffs also falsely assert that all evidence they attached to their Certification Reply was "obtained in the past year" since they filed their May 8, 2023 Certification Motion. *See* Leave Opposition at pg. 3. Exhibit A to Plaintiffs' Certification Reply (Amick's Process Verified Program, "PVP") was produced by Amick on December 14, 2022 – five months before Plaintiffs filed their Certification Motion.[4] Moreover, in their June 6, 2023 Motion for Leave to Amend Complaint (filed only one month after their Certification Motion), Plaintiffs argued that Amick's production the same PVP manual provided "good cause" to allow Plaintiffs to amend their Complaint. *See* D.E. 88 at pp. 6-7. Plaintiffs' decision to leverage evidence obtained both before filing their Certification Motion, and evidence obtained during the "extra year of discovery" since filing, supports this Court's application of the intermediate standard, as fully briefed in Amick's proposed Sur-Reply. *See* D.E. 141-1, Exhibit A to Amick's Motion for Leave to File Sur-Reply.

---

Plaintiffs also cited to the deposition of Todd Rackley in their Certification Reply. *See* Certification Reply at p. 8. However, Amick did not cite Todd Rackley's deposition transcript in its Certification Opposition.

[4] Exhibits B, C, and D to Plaintiffs' Certification Reply were produced by Amick on July 17, 2023, only two months after Plaintiffs filed the Certification Motion.

3

### C. Plaintiffs Do Not Use the New Evidence to Rebut Arguments Raised in Amick's Certification Opposition in Violation of Local Civil Rule 7.07 (D.S.C.).

Additionally, Plaintiffs argue that the six new pieces of evidence discussed in their Certification Reply were specifically included therein to respond to the arguments and evidence in Amick's Certification Opposition. *See* Leave Opposition at pg. 2. This assertion directly contradicts Plaintiffs' own statements and arguments in their Certification Reply. Specifically, in their Certification Reply, Plaintiffs state that "[s]ince filing the [Certification] Motion, *Plaintiffs have discovered additional factual evidence* that only bolsters the [Certification] Motion." *See* Certification Reply at pg. 4 (emphasis added). Plaintiffs' Certification Reply then proceeds to "detail some of [those] factual developments," and Plaintiffs make arguments related to the six new pieces of evidence in Argument Sections I (B) and I (C). *See id.* at pp. 4, 6-8.

However, Plaintiffs do not even mention Amick's Certification Opposition in Argument Sections I (B) or I (C) of their Certification Reply, nor do Plaintiffs make any argument regarding how their new evidence contradicts or rebuts arguments set forth in Amick's Certification Opposition. *See id.* Contrary to the arguments in their Leave Opposition, the new evidence and arguments presented in Plaintiffs' Certification Reply are wholly unrelated to the arguments raised in Amick's Certification Opposition, and Plaintiffs' attempt to reframe the new evidence as rebuttal evidence is disingenuous.[5] Because Plaintiffs' new evidence was not proffered in response to matters initially raised in Amick's Certification Opposition, the inclusion of new evidence

---

[5] Though Plaintiffs assert that Amick seeks to benefit from the "extra year of discovery," it is Plaintiffs who want to "have it both ways." Plaintiffs argue that the Court should apply the lower evidentiary standard when evaluating their Certification Motion while simultaneously presenting significant evidence obtained from discovery conducted in the year since they filed their Certification Motion.

violates Local Civil Rule 7.07 (D.S.C.) (limiting replies to "matters raised initially in response to a motion or in accompanying support documents").

    **D. Amick is Entitled To A Sur-Reply.**

Lastly, Plaintiffs assert that Local Civil Rule 7.07 (D.S.C.) does not entitle Amick to a sur-reply. *See* Leave Opposition at pp. 3-4. However, Plaintiffs ignore the extensive body of Fourth Circuit case law outlined in Amick's Leave Motion which provides the basis for Amick's request for leave to file a sur-reply. Even if Plaintiffs' new evidence had been properly submitted to rebut the arguments in the Certification Opposition (which it is not), Amick should still be granted leave to file a sur-reply because Amick would otherwise be without the opportunity to contest the new evidence presented for the first time in Plaintiffs' Certification Reply. *See Genesis Health Care, Inc. v. Soura*, 165 F. Supp. 3d 443, 456 (D.S.C. 2015) (allowing the plaintiff to file a sur-reply to address an issue first raised after a motion was fully briefed); *see also Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply"), aff'd, 85 F. App'x 960 (4th Cir. 2004); *Hall v. Stouffer*, 2018 U.S. Dist. LEXIS 163817, at *17-19 (D. Md. Sept. 25, 2018) (granting Plaintiff's Motion For Leave to File Surreply based on new evidence presented as an attachment to Defendants' Reply); *contrast F.D.I.C. v. Cashion*, 720 F.3d 169, 176 (4th Cir. 2013) (sur-reply not appropriate when reply brief did not raise new legal theory or new evidence). The opportunity to provide argument regarding new evidence is particularly important in this instance because Plaintiffs' Certification Reply grossly mischaracterizes the scope and purpose of their new evidence, as described in detail in Amick's proposed Sur-Reply. *See* D.E. 141-1, Exhibit A to Amick's Motion for Leave to File Sur-Reply.

### III.    CONCLUSION

For the reasons set forth herein and in its Leave Motion, Amick respectfully requests the Court grant its Motion for Leave to File Sur-Reply, or alternatively, strike Plaintiffs' improperly submitted new evidence and all arguments related thereto; specifically, Argument Sections I (B) and I (C) in Plaintiffs' Certification Reply.

Respectfully submitted,

/s/ Angus H. Macaulay
Marguerite S. Wills, Fed ID No. 11293
Angus H. Macaulay, Fed ID No. 5248
Maynard Nexsen, PC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC 29202
PHONE:  803.253.8279
FACSIMILE:  803.727.1465
amacaulay@maynardnexsen.com
mwillis@maynardnexsen.com

Bridget A. Blinn-Spears
Lindsey B. Nelson
*Admitted pro hac vice*
Maynard Nexsen, PC
4141 Parklake Ave, Suite 200
Raleigh, NC 27612
Telephone: (919) 755-1800
Facsimile: (919) 880-4546
bblinn-spears@maynardnexsen.com
lnelson@maynardnexsen.com
**Attorneys for Defendant Amick Farms, LLC**

May 29, 2024
Columbia, South Carolina